## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

UNITED STATES OF AMERICA                                                                            PLAINTIFF

v.                                       Case No. 4:16-cr-00115 KGB

WALTER NUNLEY                                                                       DEFENDANT

## ORDER

Before the Court are defendant Walter Nunley's objections to his Pre-Sentence Report ("PSR"). On August 16, 2017, this Court convened a sentencing hearing in Mr. Nunley's case. The Court heard argument from counsel in regard to Mr. Nunley's objections and issues this written Order. The Court will set by separate Order a second sentencing hearing in this case to impose sentence on Mr. Nunley.

Mr. Nunley objects to being classified as a Career Offender under United States Sentencing Guidelines ("USSG") §4B1.1. Specifically, in regard to paragraph 33 of the PSR, Mr. Nunley contends that criminal history points should not be assessed for these convictions and that these convictions do not count as qualifying offenses under the Career Offender provision. Mr. Nunley argues that his parole eligibility date on the Lincoln County, Arkansas, charge was April 1, 1998, and the discharge date was April 1, 2003, for the 72-month sentence imposed for Furnishing a Prohibited Article. He argues that the parole eligibility on the Class C drug charge out of Lincoln County, Arkansas, was August 31, 1997, and his discharge date was September 30, 1999. These sentences were imposed on April 1, 1997.

At the time they were imposed, Mr. Nunley's sentences for Furnishing a Prohibited Article and Possession of Marijuana with Intent to Deliver were ordered to run concurrently with one another and with his sentence in Case No. 96-145-1 from Desha County, Arkansas, which was a

240 month sentence. The 240 month sentence was imposed on March 13, 1997, for an offense described in paragraph 34 of the PSR. As a result, according to Mr. Nunley, there was never a determination of a release date for Mr. Nunley with regard to the sentences for Furnishing a Prohibited Article and Possession of Marijuana. The parole eligibility would have been calculated when the sentence was entered but was not calculated here. The sentence release dates are all that showed on Mr. Nunley's timecard.

For purposes of sentencing for the current offense, Mr. Nunley's attorney asked Miriam Lester, who is the Records Administrator for the Arkansas Department of Correction, to provide the parole eligibility and release dates for the two offenses described in paragraph 33 of the PSR. Ms. Lester provided these dates by electronic mail message, which was received by the Court as evidence at Mr. Nunley's initial sentencing hearing and made a part of the record in this case. Mr. Nunley's attorney believes that Mr. Nunley would have been released on the Furnishing a Prohibited Article charge on April 1, 1998, which would be outside of the 15-year window for a qualifying predicate offense. Mr. Nunley's attorney also believes that Mr. Nunley would have been released on the Possession of Marijuana with Intent to Deliver charge on or about August 31, 1997, which also would be outside of the 15-year window for it to receive criminal history points. These arguments are premised on the hypothetical that Mr. Nunley would have received parole for these offenses when first eligible.

Mr. Nunley's attorney argues that Ms. Lester is the individual who would determine whether Mr. Nunley would go to the parole board when first eligible. He contends that Mr. Nunley was a class one inmate at the time, which according to counsel, means there would have been no reason for Mr. Nunley not to have been paroled at his earliest parole eligibility date. Further, he argues that, even if the parole decision would have taken some time such that Mr. Nunley remained

imprisoned for a period after his first eligibility date before being granted parole, his sentence still would have ended prior to the necessary 15-year period.

At the initial sentencing hearing, the Court asked for some evidence that on April 1, 1998, or August 31, 1997, Mr. Nunley was a class one inmate. Counsel represented that this information was relayed in a conversation with Ms. Lester but not memorialized in the electronic mail evidence presented to the Court at the initial sentencing hearing. On January 17, 2018, the Court again requested evidence that on April 1, 1998, or August 31, 1997, Mr. Nunley was a class one inmate. The Court raised this issue because, in the PSR and specifically in paragraph 34, it details several infractions Mr. Nunley committed while serving his sentence. The PSR does not provide dates for these infractions nor does it indicate whether any of these infractions made Mr. Nunley ineligible for a parole hearing at any point. The Court also notes that the offenses in paragraph 33 of the PSR occurred when Mr. Nunley brought a controlled substance into the Arkansas Department of Correction's Varner Unit conference room located in Grady, Arkansas. Mr. Nunley's attorney concedes that, ultimately, the decision of whether to grant parole is not up to Ms. Lester; instead, it is up to the parole board.

Mr. Nunley's attorney argues that criminal history points should not be assessed for these convictions and that these convictions should not count as qualifying offenses for Mr. Nunley to be considered a career offender under USSG § 4B1.1(a). Sentences that are imposed for felony convictions more than 15 years prior to the instant offense are not counted unless the defendant's incarceration extended into the 15-year period. USSG § 4A1.1(a) (Application Note 1); *see also* USSG § 4A1.2(e)(1). To determine whether an offense is a qualifying offense under the Career Offender provision, USSG § 4B1.1 (Application Note 1) refers to the definitions in USSG § 4B1.2.

USSG § 4B1.2 (Application Note 1) states in pertinent part that a "prior felony conviction" is a "prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." Further, it states in USSG § 4B1.2 (Application Note 3) that the "provisions of § 4A1.2 (Definitions and Instructions for Computing Criminal History) are applicable to the counting of convictions under § 4B1.1."

USSG § 4A1.2 provides definitions and instructions for computing criminal history. This Court concludes that Mr. Nunley's offenses as described in paragraphs 33 and 34 of the PSR should be counted separately. USSG § 4A1.2(a)(2). Under the Guidelines, a "sentence of imprisonment" means a sentence of incarceration and refers to the maximum sentence imposed. USSG § 4A1.2(b)(1). Sentences for all felony offenses are counted. USSG § 4A1.2(c).

For criminal history purposes, this Court is to "count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period." USSG § 4A1.2(e)(1). When assessing a sentence of imprisonment, "criminal history points are based on the sentence pronounced, not the length of time actually served." USSG § 4A1.2 (Application Note 2).

The offense for which Mr. Nunley currently is being sentenced concluded on September 29, 2014. Fifteen years prior to this date is September 29, 1999.

For the Possession of Marijuana with Intent to Deliver offense described in paragraph 33 of the PSR, Mr. Nunley received a sentence that exceeded one year and one month. He received a 30-month sentence. Regardless of the time he actually served, the Court counts the "criminal history points based on the sentence pronounced. . . ." USSG § 4A1.2 (Application Note 2). The 30 month sentence was imposed on April 1, 1997, and 30 months from that date is September 30,

1999, his discharge date, which is within the 15 year period from when the current sentencing offense conduct concluded. Therefore, this Court concludes that his argument regarding parole eligibility does not impact his criminal history calculation.

Further, based on the record evidence before the Court and the applicable Guideline provisions, the Court is not inclined to exclude this offense as a qualifying offense for determining that Mr. Nunley is a Career Offender. The Court acknowledges that the rules of evidence do not apply in the context of sentencing hearings, and courts may rely on hearsay or other typically inadmissible evidence if that evidence bears sufficient indicia of reliability. *See United States v. Aldridge*, 561 F.3d 759, 767 (8th Cir. 2009), *cert. denied*, -- U.S. --, 120 S.Ct. 1095 (Jan. 11, 2010); USSG § 6A1.3(a). Moreover, "unless a defendant objects to a specific factual allegation contained in the PSR, the court may accept that fact as true for sentencing purposes." *United States v. Moser*, 168 F.3d 1130, 1132 (8th Cir. 1999). The preponderance of the evidence standard governs factual finding at sentencing hearings. *See United States v. Azure*, 596 F.3d 449, 456 (8th Cir. 2010).

The sentence imposed for the Possession of Marijuana with Intent to Deliver was 30 months. The Court acknowledges that a parole date of August 31, 1997, would be outside the 15 year period. However, that is not the sentence imposed on Mr. Nunley for the Possession of Marijuana with Intent to Deliver. His parole date was not calculated when sentence was imposed; only his sentence release dates showed on his timecard. For the reasons explained by the Court, the Court determines that Mr. Nunley has not come forward with sufficient evidence to persuade this Court that he would have served such a sentence – receiving parole when first eligible – even if he could have.

Even if Mr. Nunley were a class one inmate on April 1, 1998, or August 31, 1997, and even if Ms. Lester referred Mr. Nunley for consideration by the parole board, there is no evidence before the Court that the parole board would have paroled Mr. Nunley for these offenses.

The Arkansas parole statutes provide broad discretion to the Parole Board, the Board of Corrections, the Arkansas Department of Correction ("ADC"), and the Arkansas Community Corrections Department ("ACC"). For example, the statutes provide that the Board "may" grant parole when, in its opinion, "there is a reasonable probability that the prisoner can be released without detriment to the community or himself or herself" and "is able and willing to fulfill the obligations of a law-abiding citizen." Ark. Code Ann. § 16–93–701(a)(1) & (b)(3). The statutes also clearly provide for discretion on the part of the Board in determining if or when, and under what conditions, a particular inmate will be transferred from the ADC to parole status under ACC supervision, and if or when the inmate will be returned to the ADC. *Id.* §§ 12–27–127(b)(2) & (3), 16–93–615(d)–(g) & (i), 16–93–617, 16–93–1208(a). The statutes regarding transfer eligibility expressly state that "[n]othing in this subchapter shall grant any offender the right to be sentenced or transferred under these provisions as a matter of right." *Id.* § 16–93–1210.

The Arkansas Supreme Court has emphasized the broad discretionary authority granted under the state's parole statutes. *Michalek v. Lockhart,* 730 S.W.2d 210, 211 (Ark.1987); *see Mason v. Hobbs,* 453 S.W.3d 679, 681–82 (Ark.2015) ("[T]here is no constitutional right or entitlement to parole that would invoke due-process protection."); *Crossno v. Felts,* 2014 Ark. 262, at 2 (same). The federal courts also have repeatedly held that the Arkansas statutes create only a possibility of parole, and thus do not establish any right to release on parole which would invoke due process protection. *Pittman v. Gaines,* 905 F.2d 199, 201 (8th Cir.1990); *Parker v. Corrothers,* 750 F.2d 653, 655–57 (8th Cir.1984); *see Hamilton v. Brownlee,* 237 Fed.Appx. 114,

115 (8th Cir.2007) (Arkansas parole statutes do not create protectable liberty interest in discretionary parole decisions, and prisoner did not have protectable liberty interest in having parole board follow its own hearing policy; inmate had "no constitutionally protected liberty interest in the possibility" of parole even when board rescinded "an initially favorable parole decision").

Under the circumstances here, there is no dispute that Mr. Nunley remained incarcerated on September 30, 1999, given that his 30 month sentence imposed on April 1, 1997, was to run concurrently to a 72 month sentence and a 240 month sentence. For these reasons, Mr. Nunley's objections to paragraph 33 of the PSR are overruled.

It is so ordered this 12th day of February, 2018.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge